UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

BILLY LEE RHOADS,

        Plaintiff,               Case No. 1:20-cv-914

v.                                    Honorable Janet T. Neff

BRAIN HINKLEY,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a county jail inmate under the Health Insurance Portability and Accountability Act (HIPAA) Pub. L. 104.191 110 Stat. 1936 (1996).[1] Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

---

[1] The instant action is one of four recent cases filed by Plaintiff that assert alleged HIPAA claims against Mecosta County deputies. *See Rhoads v. Dermiyer et al.*, No. 1:20-cv-882 (W.D. Mich.); *Rhoads v. Hinkley*, No. 1:20-cv-910 (W.D. Mich.); *Rhoads v. Dermyer*, No. 1:20-cv-913 (W.D. Mich.); *Rhoads v. Hinkley*, No. 1:20-cv-914 (W.D. Mich.). The allegations in this case are only marginally distinct from those in Case No. 1:20-cv-910.

**Discussion**

I.      **Factual allegations**

Plaintiff is presently incarcerated in the Mecosta County Jail in Big Rapids, Michigan. Plaintiff sues the following Mecosta County Jail employees: Deputy Brain Hinkley. Plaintiff alleges that on September 13, 2020, Defendant Hinkley, while passing out Plaintiff's medications, asked why he was taking vitamin B-12. Plaintiff asserts that Defendant Hinkley's question was asked in the presence of two inmates. Plaintiff contends that corrections officers should not distribute medications and that revealing Plaintiff's medications to other inmates violates his HIPAA rights.

Plaintiff seeks injunctive relief and damages.

II.     **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Plaintiff's complaint falls short. There is no private cause of action for a HIPAA violation. *Burley v. Rider*, No. 1:17-cv-88, 2018 WL 6033531, at *5 (W.D. Mich. Aug. 27, 2018) *report and recommendation adopted* 2018 WL 4443071 (W.D. Mich. Sept. 18, 2018); *see also Faber v. Ciox Health, LLC*, 944 F. 3d 593, 596 (6th Cir. 2019) ("HIPAA doesn't authorize a private cause of action."). Plaintiff, therefore, has failed to state a claim upon which relief can be granted.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   October 28, 2020                               /s/ Janet T. Neff
                                                        Janet T. Neff
                                                        United States District Judge